Escobar-Menjivar v. Garland

BIA
Straus, IJ
A 208 262 494

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **JOHN M. WALKER, JR.,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**JOSUE BLADIMIR ESCOBAR-MENJIVAR,**
> *Petitioner,*

**v.**                                                    **21-6017**
                                                          **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:** Gregory C. Osakwe, Law Offices of Gregory C. Osakwe LLC, Hartford, CT.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Justin R. Markel, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Josue Bladimir Escobar-Menjivar, a native and citizen of El Salvador, seeks review of a December 9, 2020 decision of the BIA affirming an October 4, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.[1]  *In re Josue Bladimir Escobar-Menjivar*, No. A 208 262 494 (B.I.A. Dec. 9, 2020), *aff'g* No. A 208 262 494 (Immig. Ct. Hartford Oct. 4, 2018).  We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).  "We review factual findings

---

[1] Escobar-Menjivar did not assert a claim under the Convention Against Torture on appeal to the BIA or in his brief here.

under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review questions of law de novo. *Id.*

To establish eligibility for asylum or withholding of removal, an applicant must demonstrate past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06, 113–14 (2d Cir. 2022) (deferring to the BIA's interpretation of § 1231(b)(3)(A) that the "one central reason" standard applies to both asylum and withholding of removal). "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable and that the alleged persecutors targeted the applicant 'on account of' her membership in that group." *Paloka*, 762 F.3d at 195 (citations omitted).

Escobar-Menjivar alleged that gang members extorted and assaulted him on account of his membership in his high school's School Directive Council, a five-member group involved with the school's budget. The agency did not err in

3

concluding that he failed to establish a cognizable group or that his membership in the group was "one central reason" that the gangs extorted and assaulted him. Accordingly, we deny the petition.

I.      Particular Social Group

To be legally cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 196; *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007). "To be socially distinct, a group . . . must be perceived as a group by society." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240. "[W]hat matters is whether society as a whole views a group as socially distinct, not the persecutor's perception." *Paloka*, 762 F.3d at 196.

Escobar-Menjivar's proposed group, "young El Salvadorian men who are members of a School Directive Council . . . who face gang violence," is not socially distinct. Pet'r's Br. at 10. Escobar-Menjivar presented no evidence that anyone in his town, school, or El Salvador generally perceived the School Directive Council as a distinct group. He described the composition of the group and its responsibilities but did not explain how or why the community or society in

4

general would perceive members of this school council as a social group. Moreover, as discussed further below, the fact that gang members targeted Escobar-Menjivar for extortion weighs against finding a cognizable social group because "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]." *Ucelo-Gomez*, 509 F.3d at 73.

II. <u>Nexus</u>

Substantial evidence supports the agency's determination that gang members extorted and beat Escobar-Menjivar because they wanted money and help with their drug activities not because he was a member of the council. Escobar-Menjivar admitted that he did not know if there was a relationship between his membership in the council and the gangs' demands for money. His testimony—that the gang members wanted information about how the school moved money, extorted $10 a week from him in high school, demanded a greater amount when he began university, and beat him when he refused their demands— supports the agency's determination that gangs were motivated by general

5

criminal interests, not by Escobar-Menjivar's membership in a particular social group. *See Ucelo-Gomez*, 509 F.3d at 73; *Melgar de Torres v. Reno*, 191 F. 3d 307, 313–14 (2d Cir. 1999) (noting that general crime and violence in a country is not a stated ground for asylum and withholding of removal). Indeed, Escobar-Menjivar's testimony indicates that gang members demanded money after he left the group and demanded money from people who were not in the group. Escobar-Menjivar's failure to establish a nexus to a protected ground is dispositive of both asylum and withholding of removal. *See Quituizaca*, 52 F.4th at 105–06, 113–14.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court